KM

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Radloff,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Centurion Health, et al.,<br><br>　　　　　Defendants. | No.   CV 22-01094-PHX-JAT (CDB)<br><br>**ORDER** |

　　　　Pending before the Court are Plaintiff's Second Amended Complaint (Doc. 20) and Motion for Status (Doc. 19). The Court will grant the Motion for Status to the extent this Order informs Plaintiff of the status of this case and will dismiss the Second Amended Complaint and this action.

**I.     Background**

　　　　On June 28, 2022, Plaintiff Russell Radloff, who is confined in the Arizona State Prison Complex-Lewis and proceeding in forma pauperis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In an August 24, 2022 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim and gave him leave to file an amended complaint that cured the deficiencies identified in the Order. On September 6, 2022, Plaintiff filed a First Amended Complaint, which the Court also dismissed because Plaintiff had failed to state a claim. The Court gave him leave to file a second amended complaint that cured the deficiencies identified in the Order. On December 13, 2022, Plaintiff filed the Second Amended Complaint; on January 2, 2023, he filed the Motion for

Status.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**III.    Second Amended Complaint**

Plaintiff names Centurion Health and NaphCare as Defendants in his two-count Second Amended Complaint and seeks money damages and injunctive relief.

In Count One, Plaintiff alleges Defendant Centurion violated his Eighth Amendment rights when it denied him surgery for tendonitis. Plaintiff states he was diagnosed with tendonitis in his elbow and that instead of ordering surgery, Centurion ordered physical therapy, which made his condition worse. Plaintiff also claims he received cortisone shots, which helped temporarily, but those shots were cancelled. Plaintiff asserts that he will lose the use of his right arm if "left alone," and that he suffers constant pain. Plaintiff contends "this non-action is a clear example of deliberate indifference to a very serious medical need." Plaintiff notes Defendant Centurion lost its contract with the Arizona Department of Corrections, Rehabilitation, and Reentry (ADC) and was "found guilty of not providing adequate medical care to inmates."

In Count Two, Plaintiff alleges that on October 1, 2022, Defendant NaphCare took over as the medical provider for ADC. Plaintiff claims that "after [Defendant NaphCare] reviewed Plaintiff's medical file, they chose to do nothing to correct the problem or control his extreme pain." Plaintiff contends "refusing to treat a known and diagnosed serious medical (physical) problem is a clear example of deliberate indifference to a serious medical need."

**IV.    Failure to State a Claim**

As the Court explained in its two previous screening Orders, to state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138-39 (9th Cir.

2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff does not allege that any of the conduct described in the Second Amended Complaint was the result of a specific policy or custom of Defendants Centurion or NaphCare. Accordingly, Plaintiff has failed to state a claim against Defendants Centurion or NaphCare.

Additionally, as with the original and First Amended Complaints, Plaintiff's allegations in the Second Amended Complaint are too vague to state a claim. Plaintiff does not allege when he was diagnosed with tendonitis, when or by whom his cortisone injections were cancelled, when he requested surgery, when surgery was denied, or who was responsible for denying him surgery. Plaintiff's Second Amended Complaint therefore fails to state a claim.

**V.      Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

. . . .

**IT IS ORDERED:**

(1) The Motion for Status (Doc. 19) is **granted** to the extent this Order informs Plaintiff of the status of this case.

(2) The Second Amended Complaint (Doc. 20) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 25th day of January, 2023.

James A. Teilborg
Senior United States District Judge